**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DAMON CHARLES SANDERS** | : | **DOCKET NO. 2:04-cv-1406** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **KIMBERLY YENTZEN, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Currently before the court is a "Rule 12(b)(6) Motion to Dismiss" [doc. 30] filed on behalf of defendant Rick Bryant. By this motion, Rick Bryant seeks to have the court dismiss the plaintiff's claims against him based upon his invocation of prosecutorial immunity.

The plaintiff has named Rick Bryant in his official capacity as District Attorney for Calcasieu Parish as a defendant in the above-captioned civil matter. In his complaint, he alleges that the defendants violated his federal constitutional rights and his rights under state law. In response to the plaintiff's allegations, defendant Rick Bryant now moves to dismiss the claims against him, arguing that because he is entitled to prosecutorial immunity, the plaintiff has failed to state a claim against him upon which relief can be granted. The plaintiff has not filed a memorandum in opposition to this motion.

## LAW AND ANALYSIS

In considering a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), the court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The

issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) Therefore, the court will not grant a motion to dismiss "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d at 324; *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir.1996).

A prosecutor enjoys absolute immunity from personal liability for damages under § 1983 for actions "initiating a prosecution and ... presenting the State's case" and those "intimately associated with the judicial phase of the criminal process." *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997), citing *Imbler v. Pachtman,* 96 S.Ct. 984, 995 (1976). However, in a federal civil rights action, absolute prosecutorial "immunity is unavailable in an official capacity suit against a Louisiana district attorney." *Spikes v. Phelps*, 131 Fed.Appx. 47, 48 (5th Cir. 2005), citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 467-68 (5th Cir. 1999)(absolute prosecutorial immunity is a form of individual or personal immunity which is not available to district attorneys in official capacity suits). Likewise, because a Louisiana district attorney is a local government official, he is not entitled to Eleventh Amendment immunity for suits brought against him in his official capacity. *Burge*, 187 F.3d at 466, citing *Mairena v. Foti*, 816 F.2d 1061, 1064 n.1 (5th Cir. 1987); *Hudson v. City of New Orleans*, 174 F.3d 677, 680-81 (5th Cir. 1999). Therefore, to the extent that the plaintiff has sued Rick Bryant in his official capacity under federal law, his claim is not subject to dismissal at this time.

Nevertheless, because Louisiana law does not distinguish between personal and official capacity suits against district attorneys who have acted within the scope of their prosecutorial duties, Rick Bryant enjoys absolute immunity from the plaintiff's state law claims. *Spikes,* 131 Fed.Appx.

2

at 49; *Knapper v. Connick*, 681 So.2d 944 (La. 1996); *Sinclair v. La. Dept. of Public Safety and Corrections*, 769 So.2d 1270 (La. App. 2000); *Connor v. Reeves*, 649 So.2d 803 (La. App. 1995).

For these reasons,

IT IS ORDERED that the Motion to Dismiss be GRANTED to the extent that the plaintiff's state law claims against Rick Bryant are hereby DISMISSED.

IT IS FURTHER ORDERED that the Motion to Dismiss be DENIED to the extent that the plaintiff's federal law claims brought against Rick Bryant in his official capacity shall remain pending at this time.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE