# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMON CHARLES SANDERS** | : | **DOCKET NO. 2:04-cv-1406** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **KIMBERLY YENTZEN, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Currently before the court is a "Motion Pursuant to Rule 12 of the Federal Rules of Civil Procedure" [doc. 26] filed on behalf of Beth Lundy and Tony Mancuso and a "Motion Pursuant to Rule 12 of the Federal Rules of Civil Procedure" [doc. 28] filed on behalf of the Indigent Defender Board of Calcasieu Parish (hereinafter these defendants will collectively be referred to as "movants"). By these motions, the movants seek to have the claims against them dismissed. Plaintiff has not filed any opposition to these motions.

## FACTS

The plaintiff, Damon Charles Sanders, was arrested on February 7, 2003 pursuant to a bench warrant. At that time, he was also charged with aggravated incest. He was booked into the Calcasieu Parish Correctional Center. Thereafter, Judge Carter set a $20,000 bond. Plaintiff posted bond on February 8, 2003 and was released from custody. The amount paid by the plaintiff when posting his bond included a $15.00 fee collected in accordance with La.R.S. 33:1432(9) and a 2% tax imposed by La.R.S. 22:1065.1.

Plaintiff filed suit against the movants and several other defendants for alleged constitutional

and civil rights violations related to his arrest on February 7, 2003. Specifically, he alleges that the movants violated his constitutional and civil rights and deprived him of his property by requiring him to pay administrative charges related to the functioning of the bail bond system pursuant to two statutes (La. R.S. 33:1432(9) and La. R.S. 22:1065.1) which the plaintiff claims are unconstitutional.

In response to the plaintiff's allegations, the movants have filed the motions to dismiss currently before the court, arguing that in light of current Fifth Circuit law the plaintiff has failed to state a claim upon which relief can be granted. In support of their motions, the movants cite *Broussard v. Parish of Orleans*, 318 F.3d 644 (5th cir. 2003), wherein the Fifth Circuit considered a constitutional challenge to certain portions of Louisiana's bail-fee statutes (La. R.S. 33:1432(9)[1]; 33:1520(3), (6)[2]; and 13:1381(3)[3]) and found them to be constitutional.

## LAW AND ANALYSIS

In considering a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), the court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) Therefore, the court will not grant a motion to dismiss "unless the plaintiff would not be entitled to relief under any set of

---

[1] La.R.S. 33:1432(9) provides that the Sheriff shall collect a $15.00 fee for taking an appearance bond unless the fee is suspended by the judge. This provision also provides that the judge shall waive the fee if the defendant is tried and acquitted or if the charges against the defendant are dropped.

[2] La.R.S. 33:1520(3) provides that the Sheriff of Orleans Parish shall collect $7.00 for serving notices of arraignment or trial on accused and surety, and La.R.S. 33:1520(6) provides that the Sheriff of Orleans Parish shall collect a $15.00 fee for the taking of an appearance bond unless the fee is suspended by the judge.

[3] La.R.S. 33:1381(3) provides that the clerk of the criminal court in Orleans Parish may collect $5.00 for filing and processing of appearance and witness bonds.

2

facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger,* 188 F.3d at 324; *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir.1996).

The funding of Louisiana's bail-bond system is provided for by a comprehensive statutory scheme which includes (1) a tax on bondsmen; (2) fees imposed by bail-fee statutes; and (3) bond forfeitures. *See Broussard*, 318 F.3d at 648. In the complaint, the plaintiff challenges as unconstitutional the tax on bondsmen authorized by 22:1065.1 and the bail-fee provision found in 33:1432(9). He claims that the "two fees and/or taxes, and the laws which authorize them, are illegal and/or unconstitutional and in violation of the Bill of Right of both the United States of America and of the State of Louisiana, as well as against various other Federal and state laws and statutes." *See* Complaint, para 8.

The Fifth Circuit in *Broussard* specifically addressed the merits of a constitutional challenge to the same bail-fee provision which the plaintiff challenges, La.R.S. 33:1432(9). The plaintiffs in *Broussard* challenged certain portions of Louisiana's bail-fee statutes under the Fourth, Eighth, and Fourteenth Amendments. The Fifth Circuit analyzed their challenges under numerous constitutional standards (8th Amendment excessive bail clause, 8th Amendment excessive fines clause, equal protection, procedural due process, substantive due process, vagueness, and the 4th Amendment) and found all of the challenges to be without merit. In reaching its decision in *Broussard,* the Fifth Circuit relied on Supreme Court precedent which indicates that fees charged in conjunction with bail-bond systems are properly characterized as administrative fees and as such are beyond the threat of heightened constitutional scrutiny because they do not implicate fundamental rights. *See Schilb v. Kuebel*, 404 U.S. 357, 365, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971). Relying on the conclusion in *Schilb* that fundamental rights are not at issue and the analytical framework set forth in *Bell v.*

3

*Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Fifth Circuit concluded that the added financial burden imposed by the bail fees on already-sanctioned release would pass constitutional scrutiny if such fees are reasonable administrative fees and not impermissible arbitrary punishment. *Broussard*, 318 F.3d at 659. "Reasonableness depends on both the nature of the government interest itself and the extent to which the statutes at issue support that purpose." *Id.* In considering the plaintiffs' challenges in *Broussard*, the Fifth Circuit found that (1) providing funds for the administration of the bail-bond system is a legitimate governmental purpose; (2) there is a rational connection between the statutes at issue and the legitimate government purpose, and (3) the nominal bail-fees ranging from $5-$15 are reasonable administrative charges. *Id.* at 660.

In light of the Fifth Circuit's holding in *Broussard*, the court finds that plaintiff's constitutional challenge to § 1432(9) fails to state a claim upon which relief can be granted. Additionally, using the reasonableness analysis set forth in *Broussard*, the court finds that the plaintiff's constitutional challenge to § 1065.1 is also subject to dismissal.

In *Broussard*, the Fifth Circuit recognized that the government has a interest in continuing to assess fees to support its bail-bond system. Additionally, the Fifth Circuit's observation that the 2% tax on bondsmen "seems to address more directly the overall financing of the bail-bond system" than the bail-fee provisions because "[i]t specifies distribution of funds not just to the sheriff, but also to the other groups who participate in the bail-bond system" indicates that the 2% tax on bondsmen satisfies the requirement that there be at least a rational connection between the statute at issue and the governmental interest. *Broussard*, 318 F.3d at 659-60. As to the reasonableness of the tax, this court finds that the plaintiff has failed to allege any facts in his complaint or otherwise[4]

---

[4] As previously noted, the plaintiff has not filed any memoranda in opposition to the Motions to Dismiss.

which would cause this court to find that the 2% tax imposed on bondsmen (which they pass onto arrestees seeking their services) is unreasonable or arbitrary punishment. Although the amount of this tax is more than the nominal bail-fee charges considered in *Broussard*, it does not appear that the amount of the tax was unduly burdensome to the plaintiff. The facts alleged in the complaint and in the motions to dismiss indicate that the plaintiff was arrested on February 7, 2003 and that he posted bond (including the 2% tax) and was released from custody on February 8, 2003.

For these reasons,

IT IS ORDERED that the "Motion Pursuant to Rule 12 of the Federal Rules of Civil Procedure" [doc. 26] filed on behalf of Beth Lundy and Tony Mancuso and the "Motion Pursuant to Rule 12 of the Federal Rules of Civil Procedure" [doc. 28] filed on behalf of the Indigent Defender Board of Calcasieu Parish be GRANTED and that these defendants be DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE